[Civ. No. 664.  Second Appellate District.—November 12, 1909.]

## PACIFIC COAST CASUALTY COMPANY, a Corporation, Appellant, v. HOME TELEPHONE AND TELEGRAPH COMPANY, a Corporation, Respondent.

CASUALTY INSURANCE—INDEMNITY OF DEFENDANT AGAINST LOSS FROM ACCIDENTS TO EMPLOYEES — ACTION FOR ADDITIONAL PREMIUM — BURDEN OF PROOF.—Under a policy of casualty insurance indemnifying defendant against losses from accidents to its employees at different places specified and different rates according to place and danger of employment, and providing for an additional premium for increase in their number at such places, in an action by the casualty company to recover such additional premium, the burden of proof is upon the casualty company to sustain its allegations denied in the answer that there is an increase in the number of employees in the occupations specified, and at the place or places specified in the policy.

ID.—FAILURE OF PROOF—MERE INCREASE IN CONSTRUCTION EXPENSES— SUPPORT OF FINDING—AVERMENTS UNTRUE.—Where the plaintiff failed wholly to show any increase in the number of the persons employed by the defendant at the place or places designated in the policy, and in the occupations therein specified, and merely showed an increase in the construction expenses of the defendant, without any proof that they were made under the terms of the policy, its failure of proof of the averments alleged to sustain the additional premium sued for was sufficient to justify a finding that such averments were untrue.

ID.—PLEA OF ACCORD AND SATISFACTION—RECEIPT IN FULL—SUPPORT OF FINDING.—A finding sustaining a plea of accord and satisfaction, though it may not be sustained merely by a receipt in full alone, is sufficiently sustained by proof, in addition to the receipt, tending to show that the sum paid as shown by the receipt, at the expiration of the policy, was understood and intended to be a full adjustment and settlement of existing differences as to the amount due under the terms of the contract, on account of additional premiums, and that it was so received by plaintiff in full satisfaction thereof.

ID.—ACCOUNT STATED—IMMATERIAL FINDING UNSUPPORTED.—Where the answer alleging the accord and satisfaction also alleged an account stated, and was found to be true in its averments, the fact that the averment of an account stated is unsupported by the evidence is immaterial, and cannot affect the substantial rights of the plaintiff.

APPEAL from an order of the Superior Court of Los Angeles County, denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

M. E. C. Munday, for Appellant.

Oscar A. Trippet, for Respondent.

SHAW, J.—Appeal from an order denying plaintiff's motion for a new trial.

On December 31, 1903, the parties entered into a contract whereby plaintiff, for the consideration specified in the contract, agreed, for a term of one year from and after said date, to insure defendant against loss from common-law or statutory liability for damages incurred on account of bodily injury accidentally sustained by employees of defendant while in the performance of their duty at the places and while engaged in the occupations specified in said contract during the period covered by the term thereof. Plaintiff fully performed the conditions of the contract on its part.

The policy covered two classes of employees; the first consisting of those engaged in the installation of overhead and underground telephone and telegraph wires, including maintenance and extension of lines and the making of service connections, as to whom the premium was $1.20 per $100, based upon the payroll for the policy term, which premium upon the payroll as estimated for the year amounted to $900. The second class included the operators of the telephone and telegraph exchange and office force, as to whom the premium was thirteen cents per $100, based likewise upon the payroll for the policy year, the premium upon which estimated payroll amounted to $101.40. The total estimated premium of $1,001.40 was paid by defendant. The contract contained a provision to the effect that, if the compensation paid employees of defendant during the year exceeded the estimated sums upon which the premium was based, the defendant should pay additional premium upon such excess over and above the estimated payrolls, and that if such compensation should be

less, plaintiff should refund the unearned premiums so paid by defendant.

Plaintiff alleges that the actual sum paid during the term of the policy to employees in the second class was $71,964.90, upon which the premium amounted to $93.55; and the actual amount paid for the same period to employees in the first class was $199,621.47, upon which the premium amounted to $2,395.45; making a total of $2,489, upon which defendant paid $1,208.42, leaving an alleged balance of $1,280.58, for which plaintiff prays judgment.

In its answer defendant denied that it had made expenditures to its employees in the sum alleged in the complaint; and, as a further and separate defense, alleged that at the expiration of the term for which said policy was issued plaintiff and defendant had an accounting as to the unliquidated account between them, wherein it was determined and agreed that, under the terms of the policy of insurance, defendant was indebted to plaintiff on account of such additional premium in the sum of $207.02, which defendant agreed to pay and plaintiff agreed to accept in full discharge of all demands against defendant under and by virtue of the contract, which sum defendant then and there paid. The court found this separate defense as alleged to be true, and also found the allegations of the complaint touching the amount defendant had paid to its employees to be untrue. The sole contention of appellant is that these findings are not supported by the evidence.

The action is not one for an accounting, but to recover a specific sum of money alleged to be due under the terms of a written contract. As to whether this alleged sum, or any sum, was due depended upon the amounts of money which defendant had paid to two classes of employees while engaged in certain specified work during the period covered by the contract and for services rendered at the places designated therein. As to the employees included in the first class, the place of employment was Los Angeles and vicinity; as to those in the second class, it was the Home Telephone Building, 246 South Hill street, Los Angeles. The burden of proof was, therefore, upon plaintiff to show the amount paid to employees during the policy year for services rendered at the building, 246 South Hill street, in the "operation of telephone

and telegraph exchange and office force," as to whom the premium rate was thirteen cents per $100, and also the amount paid during the same period to employees for services rendered in the installation of defendant's "overhead and underground wires, including maintenance and extension of lines, and making of service connections" in the city of Los Angeles and its vicinity, as to whom the premium rate was $1.20 per $100. The only evidence offered by plaintiff to establish such facts was that of one witness, who testified that the total sum expended by defendant for *construction and maintenance* during the year 1904, as shown by the payrolls, was $163,176.22, of which sum $158,820.15 was apportioned to construction account, and $4,356.07 to maintenance account; and, further, that as shown by the office payroll, the following sums were expended, namely: $18,397.50 for construction, $18,864.30 for operating the system, $17,947.75 for maintenance, and $53,010.60 specially for operators. Under the contract, plaintiff was not entitled to any premium upon the amount paid by defendant to its employees engaged in construction work, unless such labor was performed in the *city of Los Angeles and its vicinity,* and in its character limited to the kind of work specified in the contract, namely: "Telephone and telegraph overhead and underground wires, including maintenance and extension of lines and making of service connections." No attempt was made to show that these several sums so expended for construction, or any part thereof, were paid out for the class of construction work specified. Indeed, for all that appears to the contrary, this entire sum might have been expended in the erection of a building, or for construction work on behalf of the company, other than that specified. Neither is there any evidence tending to show that such sum, or any part thereof, was expended for services rendered in Los Angeles, or its vicinity, nor that the amount paid the office force or telephone operators was for services rendered at 246 South Hill street, in Los Angeles. The materiality of these provisions is accentuated by the fact that the contract of insurance in express terms provides that the policy shall not cover loss on account of liability for injuries unless the person injured was on duty at the time of the accident and engaged in the *occupation specified* in the policy and at the *place* or *places* designated therein. The failure on the

part of plaintiff to prove that the expenditures were made under the provisions of the policy justifies the finding that the same were untrue.

While according to the foregoing views the order appealed from must be affirmed, we are also of the opinion that the evidence fully supports the finding to the effect that the affirmative allegations of the answer are true, in so far as they constitute a plea of accord and satisfaction. There was introduced in evidence a statement of account, dated the day on which said policy expired, and by plaintiff rendered against defendant, wherein the latter was charged $207.02 for additional premium, to which was attached a receipt whereby payment in full of said account was duly acknowledged by plaintiff. Conceding, as claimed by appellant, that this receipt standing alone is insufficient to support the finding, nevertheless, when taken in connection with the testimony of defendant's manager as to the circumstances under which it was given, it tends to show that the payment of $207.02 at the expiration of the policy was understood and intended to be a full adjustment and settlement of existing differences as to the amount due under the terms of the contract on account of additional premium, and that it was so received by plaintiff in full satisfaction thereof. (Civ. Code, secs. 1523, 1524; 1 Cyc., par. 2, p. 329.) The fact that the evidence is insufficient to support a finding of an account stated is immaterial. Conceding the error as claimed, the substantial rights of plaintiff could not be prejudiced thereby.

The record discloses no prejudicial error, and the order appealed from is therefore affirmed.

Allen, P. J., and Taggart, J., concurred.