[No. 34743.    Department Two.    March 26, 1959.]

Thomas A. Dawson, *Respondent*, v. William J. Shearer et al., *Appellants*.[1]

*Zundel, Merges, Brain & Isaac (Edward E. Merges,* of counsel) for appellants.

*Helsell, Paul, Fetterman, Todd & Hokanson,* and *Richard S. White,* for respondent.

Foster, J.—Appellants, defendants below, appeal from a judgment against them for the balance due on the construction of a house.

The basic dispute is factual and the evidence is in direct conflict. In consonance with our decided cases,[2] appellants' counsel, in the opening brief, forthrightly concede the applicable rule of law:

"In this regard we fully appreciate the rule that a finding

---

[2]*Kuyath v. Anderson Constr. Co.,* 52 Wn. (2d) 174, 324 P. (2d) 264; *Fischler v. Nicklin,* 51 Wn. (2d) 518, 319 P. (2d) 1098; *Croton Chemical Corp. v. Birkenwald, Inc.,* 50 Wn. (2d) 684, 314 P. (2d) 622.

[1]Reported in 337 P. (2d) 46.

of the trial Court will not be disturbed if there is any evidence to support it. . . ."

No useful purpose would be served by a narrative of the evidence. It is sufficient to say that it was sharply in conflict and that the findings of fact are amply supported by substantial evidence.

Appellants argue that the parol evidence rule was violated in admitting oral testimony to show the agreement. After the work was finished the parties did sign a contract, but the court found upon overwhelming evidence that this document "did not incorporate therein the complete agreement of the parties." Indeed, the appellants' answer specifically pleaded that the contract was partly in writing and partly oral.

Recently we reviewed this aspect of the so-called parol evidence rule in *Barber v. Rochester*, 52 Wn. (2d) 691, 328 P. (2d) 711, and need not now restate the analysis. The name is a misnomer for it is not an exclusionary rule of evidence, but one of substantive law.

The conclusion there reached is found in the following paragraph:

"People have the right to make their agreements partly oral and partly in writing, or entirely oral or entirely in writing; and it is the court's duty to ascertain from all relevant, extrinsic evidence, either oral or written, whether the entire agreement has been incorporated in the writing or not. That is a question of fact. *Rinaudo v. Bloom*, 209 Md. 1, 120 A. (2d) 184; *Lawrence v. Tandy & Allen, Inc.*, 14 N. J. 1, 100 A. (2d) 891; *Atlantic Northern Airlines v. Schwimmer*, 12 N. J. 293, 96 A. (2d) 652. . . ."

The assignment is without merit.

This, likewise, disposes of the assignment that the court erred in refusing to require respondent to elect between the written contract or the oral one.

Appellants assign error upon the allowance in the judgment of costs to the respondent. The argument is that, because the amount claimed by respondent was reduced by credits allowed appellants, respondent is not the prevailing party entitled to costs under RCW 4.84.030. The law is otherwise.

In *Empire State Surety Co. v. Moran Bros. Co.*, 71 Wash. 171, 127 Pac. 1104, the law was laid down that the plaintiff was the prevailing party notwithstanding defendant reduced the amount of plaintiff's recovery by an offset on other causes of action. The assignment of error is, therefore, without merit.

The judgment is affirmed.

WEAVER, C. J., HILL, DONWORTH, and ROSELLINI, JJ., concur.

May 7, 1959. Petition for rehearing denied.