2006 OK CIV APP 143

**Gala BILBY, as Personal Representative of the Estate of Michael Bilby, Deceased, Plaintiff/Appellee,**

v.

**CLAREMORE AMBULANCE RESCUE AND EMERGENCY SERVICES, INC., Defendant/Appellant.**

**No. 102,640.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 24, 2006.

---

Marylinn M. Gravis, Tulsa, OK, for Plaintiff/Appellee.

Michael J. Masterson, David R. Smith, Wilburn & Masterson, Tulsa, OK, for Defendant/Appellant.

Opinion by JANE P. WISEMAN, Presiding Judge.

¶1 We are presented in this appeal with two questions: (1) Is Appellant the prevailing party under 12 O.S.2001 § 940, and (2) if Appellant is the prevailing party, what items are recoverable under this section and when does Appellant's right to recover these items accrue? Our review of the record and applicable law leads us to conclude that the trial court's order should be affirmed as to prejudgment interest and reversed and remanded as to attorney fees and costs.

¶2 Michael and Gala Bilby[1] sued Claremore Ambulance, Rescue and Emergency Services, Inc. (CARES), on March 5, 2002, for personal injuries and property damage from a collision involving their automobile and a CARES ambulance. CARES filed a counterclaim for property damage to its ambulance on June 20, 2002. On January 13, 2004, approximately two weeks before trial, the Bilbys dismissed their petition; CARES did not dismiss its counterclaim. The Bilbys refiled their petition on March 22, 2004, and CARES reasserted its counterclaim on May 19, 2004.

¶3 The second case proceeded to trial only on the claims of Michael Bilby (Bilby) and CARES. The jury returned a verdict finding Bilby 90% negligent in causing the colli-

sion and CARES 10% negligent. Although the parties' stipulation as to their respective amounts of property damage—$2,150 for Bilby and $77,796 for CARES—was submitted in the jury instructions, the jury found the amount of CARES' property damage to be $38,500, which the trial court reduced by 10%. This resulted in a judgment for CARES on its counterclaim in the amount of $34,650 and a judgment for CARES on Bilby's claims for personal injury and property damage. The jury verdict was not appealed.

¶4 CARES filed a post-judgment motion for attorney fees, costs and prejudgment interest based on its status as the prevailing party pursuant to 12 O.S.2001 § 940(A), including fees, costs and interest dating from the filing of its original, undismissed counterclaim. In response, Bilby stated that he does not "argue that [CARES] is not entitled to a reasonable attorney fee, statutorily allowable costs and pre-judgment interest from the trial of the above entitled action." He argued that the request was excessive and unreasonable and should be limited to items related to the prosecution of CARES' counterclaim for property damage in the refiled action, with no allowance for items incurred in the first action.

¶5 In its order of September 1, 2005, the trial court held:

The Defendant claims, and Plaintiff concedes, that Defendant was the prevailing party in the jury trial. In light of the actual verdict, however, the court finds that the status of prevailing party can be recognized only insofar as to the Defendant against the Plaintiff in its personal injury claim, since the jury gave Plaintiff a 90% negligence finding. For this type of claim, attorney fees are not recoverable. As to the Defendant's property damage counterclaim, which is the only claim herein which is susceptible of a judgment for attorney fees and costs, the court finds that the Defendant was not a prevailing party, when he only recovered 45% of his claim.... The Court finds, therefore, that

---

1. After the death of Michael Bilby and while this appeal was pending, on December 23, 2005, the Oklahoma Supreme Court, at the request of the parties, substituted Gala Bilby, personal representative of the Estate of Michael Bilby, for her deceased husband.

the Defendant was not the prevailing party in its counterclaim.

Additionally, with respect to Defendant's motion for prejudgment interest, the Court finds that the Defendant is entitled to prejudgment interest only for the period of time from the date of refiling, which was March 22, 2004, and not for the period of time which preceded the Plaintiff's January 13th, 2004 voluntary dismissal of its petition. The Court finds specifically, as a matter of law, the Defendant was indeed entitled to proceed on its own after the original petition was dismissed, but did not actually do so. Instead, it merely reasserted its counterclaim in the [refiled] action on May 19th, 2004.

The trial court granted CARES' motion for prejudgment interest beginning May 19, 2004, and denied CARES' motion for attorney fees and costs as the prevailing party.

■ ¶ 6 The issue of entitlement to attorney fees, costs, and interest presents purely a legal question which we review *de novo* without deference to the trial court's determination. *Finnell v. Jebco Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. The text of § 940(A) provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

■ ¶ 7 We now address the first question of whether CARES is the prevailing party for purposes of § 940(A). It is clear from the jury's verdict, which found CARES 10% at fault, that CARES prevailed on the issue of liability for this collision. With this determination, Bilby was precluded as a matter of law from recovering any damages for either personal injury or property damage. The only conclusion to be drawn from the jury's verdict and the judgment entered on that verdict is that CARES is the prevailing party on Bilby's claims for personal injury and property damage.

**2.** Section 929 allows costs to a successful defendant as a matter of course in actions described in 12 O.S.2001 § 928 which includes "actions for the recovery of money only, or for the recovery of specific, real or personal property." Generally, there is no provision for court-awarded counsel fees to the prevailing party in a personal injury suit.

¶ 8 Disregarding the issue of CARES' entitlement to costs under 12 O.S.2001 § 929 on Bilby's personal injury claim,[2] we are still confronted with the denial of counsel fees and costs to CARES as the prevailing party on Bilby's property damage claim. The trial court was incorrect in concluding that the only claim susceptible to prevailing party counsel fees and costs was CARES' property damage counterclaim. In successfully defending against Bilby's property damage claim, CARES became the prevailing party on this claim, falling squarely under the provisions of § 940(A).

■ ¶ 9 Although the parties agreed that § 940(A) governed the rights of the parties to fees, expenses and interest on their property damage claims, it was an error of law for the trial court to conclude that CARES was not the prevailing party on its counterclaim. The trial court decided that CARES could not be the prevailing party when it recovered only 45% of its requested damages. We cannot determine why the jury disregarded the court's instructions as to the stipulated amount of damages sustained to CARES' ambulance, but it is clear under Oklahoma law that recovery of less than the amount of requested damages does not plunge the successful party into the Stygian depths of "non-prevailing party."

¶ 10 We are not confronted with the situation presented in *Tibbetts v. Sight'n Sound Appliance Centers, Inc.*, 2003 OK 72, 77 P.3d 1042, in which the jury found for the plaintiff class on its Oklahoma Consumer Protection Act claim but awarded no damages. The *Tibbetts* Court held that "plaintiffs cannot be deemed to have prevailed because they recovered nothing." *Id.* at ¶ 2, 77 P.3d at 1046. In the present case, it is not as if the amount of CARES' damages was hotly contested and CARES was unsuccessful in its proof. This issue was, in fact, uncontested, and, as the party in whose favor the issue of liability for the accident was decided, CARES should not be penalized for the jury's inexplicable damage amount reduction.

¶ 11 The general test in ascertaining the prevailing party for purposes of attorney fees is set out in *Quapaw Co. v. Varnell*, 1977 OK CIV APP 19, 566 P.2d 164, in which both sides were awarded attorney fees as prevailing parties under 12 O.S.1971 § 936 when plaintiff Varnell prevailed on two of his claims and lost on two of his claims. Noting that the issue of entitlement to attorney fees as the sole prevailing party under § 936 raised a question not previously answered by the Oklahoma Supreme Court, the Court of Appeals stated:

> There can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score, but the one with the most points at the end of the contest is the winner....

*Id.* at ¶ 17, 566 P.2d at 167 (quoting *Ozias v. Haley*, 141 Mo.App. 637, 125 S.W. 556, 557 (1910)).

¶ 12 The *Varnell* Court also relied on a Florida case in its decision:

> The statute provides for allowance of a reasonable attorney['s] fee to the prevailing party ... appellants argue that [appellee] was not the prevailing party because its recovery was not the amount claimed, but a lesser sum. We view that argument as unsound. The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case.

*Id.* at ¶ 19, 566 P.2d at 167 (quoting *Sharpe v. Ceco Corp.*, 242 So.2d 464, 465 (Fla.Dist.Ct. App.1970)). *See also Cunningham v. Public Serv. Co. of Okla.*, 1992 OK 107, ¶ 4, 834 P.2d 974, 975.

¶ 13 Rejecting the notion that a claimant must recover the full amount of his claim to be entitled to an attorney fee under § 936, the Court found that there could be only one prevailing party, who was Varnell, and one attorney fee award. Varnell's fee was affirmed, and Quapaw Company's was reversed.

¶ 14 We apply the same reasoning to this case. CARES prevailed on every issue presented to the jury and recovered an affirmative judgment against Bilby for $34,650, and is the prevailing party. The test is not the mathematical one employed by the trial court, *i.e.*, recovery of less than half the amount sought defeats one's claim to prevailing party status. There is no support for the conclusion that, with a judgment assessing it only 10% at fault but awarding it less than 50% of its requested damages, CARES is not the prevailing party on any claim in this lawsuit except the sole claim on which counsel fees are not recoverable.

¶ 15 The trial court's order denying relief to CARES under § 940(A) as the prevailing party must be reversed and remanded.

¶ 16 We must now address the second issue raised in this appeal. Is CARES entitled to recover attorney fees, costs and prejudgment interest which accrued from its first counterclaim which it did not dismiss when the Bilbys dismissed their first lawsuit?

¶ 17 The trial court determined that CARES could not recover prejudgment interest from the filing of its first counterclaim, finding that CARES could have pursued its first counterclaim after the Bilbys' dismissal but did not do so. Having determined that CARES was not a prevailing party on its counterclaim, the trial court did not address this accrual issue as to attorney fees and costs. The basis for the trial court's award of prejudgment interest is not clear from its order; if it is premised on prevailing party status under § 940, then presumably CARES would also be entitled to attorney fees and costs. We see no other basis for awarding prejudgment interest if it is not premised on prevailing party status. The decision also sets conflicting commencement dates for calculating prejudgment interest—both March 22, 2004, when the Bilbys filed their second case, and May 19, 2004, when CARES filed its second counterclaim.

¶ 18 *Sisney v. Smalley*, 1984 OK 70, 690 P.2d 1048, is controlling on the issue of the prevailing party's right to prejudgment interest under § 940(A)'s inclusion of "interest" as a recoverable item. The *Sisney* Court held that there was no statutory authorization for the allowance of prejudgment interest under § 940, stating that " § 940 does not specifi-

cally mention or direct the allowance of *pre-judgment* interest. . . . If the Legislature had intended the section to allow pre-judgment interest, we believe it would have expressly so provided." *Id.* at ¶ 16, 690 P.2d at 1050.

¶ 19 In the present case, *Sisney* tells us that, even though CARES was the prevailing party, the trial court was incorrect in awarding it prejudgment interest. However, Bilby neither appealed nor counter-appealed the trial court's determination of this issue, and we are without jurisdiction to address it. The only prejudgment interest issue before us is whether the trial court erred in not granting more prejudgment interest.[3] Based on the holding in *Sisney*, no prejudgment interest is allowable on CARES' § 940 claim, and we must affirm the trial court's result on CARES' request for additional interest, although reached on incorrect grounds.

¶ 20 As to the request for attorney fees and costs which accrued in the earlier case, we agree with CARES that these are recoverable under § 940. As CARES points out, Bilby controlled whether to go to trial in his first case, but he chose to dismiss it two weeks before the trial date. No disposition was made of CARES' first counterclaim; it therefore survived after Bilby's dismissal and remained pending when the second counterclaim was filed, reasserting the same claim for property damage. No motion to dismiss either counterclaim pursuant to 12 O.S. Rev. Supp.2005 § 2012(B)(8)[4] appears in the record, nor does a motion to consolidate, which would have been the preferred procedure to follow to resolve the previous, undismissed counterclaim. CARES was under no obligation to dismiss its first counterclaim simply because Bilby had dismissed, and there was a sound justification for CARES not doing so, *i.e.*, risking the relinquishment of its claim to attorney fees and costs incurred in the first case in the event it prevailed.

¶ 21 CARES further argues that a good deal of the legal work and expense was incurred in the first case which alleviated the necessity for incurring these expenses in the second case. According to the time records of CARES' counsel submitted in support of its motion for attorney fees and costs, all discovery, except a supplemental deposition of Michael Bilby taken in the second case, was done in the first case, but used in the second case. The purpose of § 940 is to compensate the successful party, and we find no basis for depriving CARES of its attorney fees and costs for work done in the first case and used in the second case, which saved the parties time and expense, merely because the two cases were not consolidated. To hold otherwise would result in a windfall for a dismissing plaintiff.

¶ 22 Although the trial court stated "the Defendant was indeed entitled to proceed on its own after the original petition was dismissed, but did not actually do so . . . . it merely reasserted its counterclaim in the [refiled] action on May 19th, 2004," we find the delay and inconvenience in getting the case to resolution resulted from the Bilbys' dismissal of the first case, not from CARES' reassertion of its counterclaim. The time span between the dismissal on January 13, 2004, and CARES' reassertion of its counterclaim on June 20, 2004, was just over five months and would not have been incurred had the Bilbys not dismissed their first case.

¶ 23 Based on the foregoing, the trial court's order denying any prejudgment interest before May 19, 2004, is affirmed; the trial court's order denying prevailing party status to CARES is reversed, and this case is remanded to the trial court for a determination of the amount of attorney fees and court costs[5] to be awarded under § 940(A) to CARES.

¶ 24 These fees and costs include those incurred in the defense of Bilby's property damage claim in the second case, which would, of necessity, include fees and costs incurred in defending against Bilby's claim of

---

**3.** In its reply brief, CARES urges the application of 23 O.S.2001 § 6 rather than 12 O.S.2001 § 940 as the basis for prejudgment interest; this argument was not presented to the trial court and was raised in the first instance on appeal, and we therefore decline to entertain it.

**4.** This ground for dismissal is based on "[a]nother action pending between the same parties for the same claim." 12 O.S. Rev. Supp.2005 § 2012(B)(8).

**5.** Recoverable costs are to be determined according to 12 O.S.2001 § 942.

CARES' liability for the accident. These fees and costs also include those incurred in both the first and second cases in prosecuting CARES' counterclaim for property damage, which would, of necessity, include fees and costs incurred in proving Bilby's liability for the accident. The trial court will be required to exclude attorney fees and court costs which are solely attributable to Bilby's personal injury claim (such as time and expense defending the amount of Bilby's personal injury damages) but include those fees and costs incurred for more than one purpose (such as those pertaining to the liability of both CARES and Bilby).

¶ 25 AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, J., and FISCHER, J., concur.