PER CURIAM.
This is an appeal from that portion of a final judgment which denied plaintiff an attorney’s fee in an action brought by plaintiff for damages and injunctive relief wherein the defendant answered and asserted a counterclaim for foreclosure of a mechanic’s lien under the provision of Chapter 713, Florida Statutes (1977).
Upon trial without a jury, the trial court entered the following final judgment:
“THIS ACTION was tried before the Court and on the evidence presented,
“IT IS ADJUDGED:
“1) That Defendant, BENRUS CONSTRUCTION, INC. prevail on the Plaintiff, FLORIDA CITY DEVELOPMENT CORPORATION’S Complaint and accordingly Plaintiff take nothing by reason of its Complaint, and
“2) That Plaintiff, FLORIDA CITY DEVELOPMENT CORPORATION prevail on the Defendants, BENRUS CONSTRUCTION, INC.’s Mechanics Lien Counterclaim and accordingly Defendant take nothing by reason of its said Counterclaim, and
“3) That the Plaintiff is denied its attorney’s fees as prevailing party and Defendant is denied attorney’s fees and each party stand their respective costs of this litigation.
“4) That the Lis Pendens filed by each of the parties to this action in this cause and in Case No. 72-25588 in this Court are hereby cancelled and the Clerk of this Court shall duly note the same among the Public Records of Dade County, Florida.”
The sole point on appeal is whether the trial court erred in denying plaintiff an attorney’s fee as provided for in Section 713.29, Florida Statutes (1977). The statute is as follows:
“Attorney’s fees. — In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs.”
The plaintiff/appellant was the prevailing party in the mechanic’s lien foreclosure counterclaim, therefore, it was error for the trial court to deny plaintiff an award of attorney’s fees for defending the counterclaim. Dominguez v. Benach, 277 So.2d 567 (Fla. 3d DCA 1973); H. D. McPherson, Inc. v. Metro Electric of Orlando, Inc., 253 So.2d 878 (Fla. 4th DCA 1971).
Accordingly, we reverse that portion of the final judgment under review that denied plaintiff’s request for attorney’s fees; and we remand the cause with directions to enter a proper award to plaintiff for attorney’s fees for the defense of the counterclaim for foreclosure of the mechanic’s lien.
Reversed and remanded.