232 So.2d 20 (1970)
LION OIL COMPANY, Inc., Appellant,
v.
TAMARAC LAKES, INC., a Florida Corporation, and Robert Reynolds D/B/a Bay to Bay Dredging, Appellees.
No. 577.
District Court of Appeal of Florida, Fourth District.
February 23, 1970.
Kenneth G. Stevens, of Dale & Stevens, Fort Lauderdale, for appellant.
No appearance for appellees.
PER CURIAM.
The plaintiff, Lion Oil Company, Inc., appeals from a final judgment for attorney's fees entered against it and in favor of defendant, Tamarac Lakes, Inc. We affirm.
This action arose when plaintiff filed suit on 5 August 1965 to foreclose a mechanic's lien against the defendant.
On 26 August 1965 the defendant, Tamarac Lakes, filed a motion to dismiss upon which no ruling was entered. On 29 September 1965 plaintiff (pursuant to F.R. *21 C.P. 1.35(a) (1), 1965)[1] [now 30 F.S.A. Rule 1.420] filed a notice of dismissal as to Tamarac Lakes.
On 8 October 1965 the lower court transferred the cause to the law side of the docket and further transferred it to the court of record.
After defendant moved for an order awarding it attorney's fees the court (in the judgment appealed from) granted same in the amount of $100.00 on 27 October 1965.[2]
By its order of 8 October the lower court transferred this action to another court. This action was ineffectual as to defendant because plaintiff's notice of dismissal (acquiesced to in the October 8 order) removed defendant as a party. The court could have retained the power to grant reasonable attorney's fees to defendant (see Section 84.291, F.S. 1965) F.S.A., and in fact the effect of the order herein and the court's subsequent conduct indicates this to be the case. We therefore affirm the judgment appealed from.
Affirmed.
McCAIN, REED and OWEN, JJ., concur.
NOTES
[1] Which provided:

"Subject to the provisions hereof, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal shall be without prejudice, except that a dismissal shall operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this State an action based on or including the same claim." (Emphasis added.)
It should be noted that under the rule in effect at the date pertinent herein a plaintiff was not entitled to take a voluntary nonsuit as a matter of right but rather this was a discretionary matter left to the trial judge. See Meyer v. Contemporary Broadcasting Company, Fla.App. 1968, 207 So.2d 325.
[2] Pursuant to Section 84.291, F.S. 1965, F.S.A., defendant as the prevailing party in this action to enforce a lien was entitled to recover a reasonable fee for the services of his attorney.