242 So.2d 464 (1970)
Marie W. SHARPE, Appellant,
v.
CECO CORPORATION, Appellee.
Herman A. THOMAS, INC., Appellant,
v.
CECO CORPORATION, Appellee.
Nos. 69-834, 69-875.
District Court of Appeal of Florida, Third District.
December 22, 1970.
Rehearing Denied January 20, 1971.
Carr & Warren, Miami, for Sharpe.
Joseph J. Gersten, Miami, for Thomas.
Walsh & Dolan, Ft. Lauderdale, for Ceco Corp.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
These appeals are directed to a judgment entered in a mechanic's lien foreclosure suit, brought by a subcontractor, Allied Plastering, Inc., against Marie W. Sharpe, the landowner, and Herman A. Thomas, Inc., the general contractor. The appellee Ceco Corporation and other subcontractors were permitted to join in the suit for the purpose of foreclosing their separate liens.
Claiming $46,869.45 to be due and unpaid for concrete form work, Ceco cross-claimed against the owner Sharpe for foreclosure *465 of lien, and against Thomas on its contract with the latter. Sharpe and Thomas counterclaimed against Ceco alleging inferior and defective work by the latter was such that it would require $60,000 for correction of the same. On final hearing the trial court entered a judgment in which $18,000 was determined to be the cost of correcting the defective work of Ceco, and thereupon granted judgment in favor of Ceco against Sharpe and Thomas for $28,869.45. Therein the court reserved jurisdiction "to determine at a future hearing the interest due and the attorney fees to be awarded." By a later order the trial court allowed Ceco $5,000 attorney fees and entered judgment therefor against Sharpe and Thomas. The court allowed Ceco interest at the legal rate "only from July 8, 1969, the date of the judgment entered in favor of Ceco Corporation."
Appellants contend the trial court erred (1) by granting attorney fees and (2) in allowing appellants only $18,000 as the cost to remedy defective work of the appellee. Ceco cross-assigned as error the failure of the court to allow interest prior to the date of the judgment.
Appellants contend there was unrefuted evidence that the correction of the defective work of Ceco would cost $60,000. The appellee contends, and we agree, that the record contained evidence in conflict therewith, upon which the trial court as the trier of the facts properly could hold the amount needed to correct the defective work was the lesser sum of $18,000. Accordingly, we affirm the judgment as rendered in the amount of $28,869.45.
Appellants contend the statute (§ 713.29 Fla. Stat., F.S.A.) did not authorize allowance of an attorney fee in this case. The statute provides for allowance of a reasonable attorney fee to the prevailing party in an action to enforce a lien under Chapter 713. Appellants argue that Ceco was not the prevailing party because its recovery was not the amount claimed, but a lesser sum. We view that argument as unsound. The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case. Empire State Surety Co. of New York v. Moran Bros. Co., 71 Wash. 171, 127 P. 1104, 1107; Dawson v. Shearer, 53 Wash.2d 766, 337 P.2d 46, 48; Ennis v. Ring, 56 Wash.2d 465, 353 P.2d 950, 954.
On the cross-assignment of Ceco, relating to the allowance of interest only from the date of the judgment, we find no error in that ruling in the circumstances of this case, and affirm the ruling on authority of Gerber Groves, Inc. v. Belle Glade Agricultural Contractors, Fla.App. 1968, 212 So.2d 669.
Affirmed.