253 So.2d 900 (1971)
MIDWAY SHOPPING MALL, INC., Appellant,
v.
AIRTECH AIR CONDITIONING, INC., a Florida Corporation, Appellee.
No. 71-701.
District Court of Appeal of Florida, Third District.
October 12, 1971.
Rehearing Denied November 23, 1971.
*901 Meyer, Weiss, Rose & Arkin, Miami Beach, Richard L. Lapidus, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, and Daniel Draper, Jr., Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant-counterplaintiff, Midway Mall, has filed an interlocutory appeal, under Florida Appellate Rule 4.2, 32 F.S.A., from an order entered in a cause formerly cognizable in equity,[1] which order dismissed its counterclaim and struck its motion for attorney's fees. Airtech Air Conditioning had filed a four-count complaint alleging, inter alia, that it had placed a lien on Midway Mall's property under the Florida Mechanics' Lien Law, Ch. 713, Part I, Fla. Stat., F.S.A., and prayed that the lien be foreclosed.
After a hearing, and it having been established that the owner, Midway Mall, had posted a construction bond to cover liens, the court struck the appellee's claim to foreclose, and discharged both the lien and the lis pendens which had been filed upon the land. However, other claims in appellee's complaint have not been concluded, for example, claims against the construction bond posted by Midway Mall. Appellant counterclaimed, under § 713.31, Fla. Stat. 1969, F.S.A., alleging that the appellee had filed a statutory "fraudulent lien"; appellant also filed a motion for attorney's fees under § 713.29, Fla. Stat., F.S.A. By the order appealed, the court struck the counterclaim and the motion for attorney's fees. We affirm.
The issues in this case are: Is an interlocutory appeal, under Florida Appellate Rule 4.2, the proper means to review the instant order, rather than by a petition under Florida Appellate Rule 3.16, subd. c, 32 F.S.A., in view of the well-settled rule[2] that where attorney's fees are designated by statute to be "costs," they are so treated? Second, was the trial court correct in dismissing the counterclaim? Third, did the trial court corectly strike the motion for attorney's fees?
As to the first issue, the proper method of seeking appellate review of the instant order (which both dismissed the *902 counterclaim and struck the petition for attorney's fees as costs) is through an interlocutory appeal under Rule 4.2. Chatlos v. City of Hallendale, Fla. 1968, 220 So.2d 353, 354.
The lower court did not err in dismissing the counterclaim brought under § 713.31, Fla. Stat. 1969, F.S.A. The fraud alleged was not stated with particularity. Florida Rules of Civil Procedure Rule 1.120(b), 30 F.S.A.; see also Florida Rules of Civil Procedure 1.110(b), 30 F.S.A. See generally Bieley v. Jennings Construction Corporation, Fla.App. 1968, 212 So.2d 809.
As to attorney's fees, we express the view that where the trial court dismissed the count for foreclosure of the mechanics' lien by releasing the land and transferring the lien asserted to the fund created by the construction bond and removed the lis pendens filed, this does not constitute the landowner, Midway Mall, the "prevailing party" within the contemplation of § 713.29, Fla. Stat. 1969, F.S.A. There was not a favorable determination of such finality as would entitle the owner to attorney's fees under this statute. Cf. Lion Oil Co. v. Tamarac Lakes, Inc., Fla.App. 1970, 232 So.2d 20. This court in Sharpe v. Ceco Corporation, Fla.App. 1970, 242 So.2d 464, 465 has construed this statute by stating: "The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case." The appellee has asserted that the Lion Oil Co. case, supra, is itself indicative of the fact that the intent of the Mechanics' Lien Law is not to penalize, by taxing attorney's fees as costs, a plaintiff who, in good faith, has presented to the court as an alternative claim the foreclosure of a mechanics' lien where there exists a genuine, non-frivolous issue of law and fact as to whether or not that lien is substituted for by a payment bond, as is the case sub judice. We do not accept the whole of appellee's argument in this regard, but do find support for appellee's position in the case of Emery v. International Glass & Mfg., Inc., Fla.App. 1971, 249 So.2d 496, 500: "The entire statute [Mechanics' Lien Law] is essentially for the benefit of a claimant, not a defendant; and the section [§ 731.29] providing for attorneys' fees is primarily calculated to preclude any diminution of the claimant's full compensation for which he is suing while, at the same time, discouraging specious claims or defenses." The Second District Court's interpretation of the statute therefore emphasizes the critical point in this case, that appellee-Airtech's claim has not been finally decided.
Therefore, for the reasons stated, and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Kleinman v. Bal Harbour Towers, Inc., Fla. 1967, 198 So.2d 830; compare Midstate Hauling Co. v. Liberty Mutual Insurance Company, Fla.App. 1966, 189 So.2d 826.
[2] E.g., State ex rel. Royal Insurance Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924).