253 So.2d 878 (1971)
H.D. McPHERSON, INC., a Florida Corporation, Appellants,
v.
METRO ELECTRIC OF ORLANDO, INC., a Florida Corporation, Formerly Modern Electric, a Dissolved Partnership, Appellee.
No. 71-120.
District Court of Appeal of Florida, Fourth District.
October 28, 1971.
Joseph M. Murasko, Fern Park, for appellants.
No appearance for appellee.
WALDEN, Judge.
This is an appeal from an order denying defendants-McPhersons motion for attorney fees pursuant to his successful defense of a foreclosure action under the Mechanics' Lien Law. We reverse.
Briefly, defendant argues that he is the prevailing party and as such, under Section 713.29, F.S. 1969, F.S.A., he is entitled to attorney fees. That statute is as follows:
"Attorney's fees.  In any action brought to enforce a lien under part I [part I is the mechanic's lien law] of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs." (Emphasis added.)
Apparently the judge below, in denying the motion, interpreted that statute as allowing attorney fees only to a prevailing plaintiff. Since appellant was the defendant below he would not qualify. The order appealed from also cited cases which were based on an earlier version of the statute now in question, a version declared unconstitutional.
We hold that there was error below. Section 713.29, F.S. 1969, F.S.A., contains no unconstitutional vestiges of its predecessor Section 218, F.S. 1906. Further, we interpret "prevailing party" to be just that  the party who prevails. This is a common sense interpretation and coincides with this court's decision in Lion Oil Company, Inc. v. Tamarac Lakes, Inc., Fla.App. 1970, 232 So.2d 20, and with Sharpe v. Ceco Corporation, Fla.App. 1970, 242 So.2d 464, cert. denied at 247 So.2d 324, Fla., 1971.
In accordance with these views, the cause is reversed and remanded with directions to enter an order awarding attorney fees to the prevailing parties, McPhersons' attorney.
Reversed and remanded.
CROSS and OWEN, JJ., concur.