PER CURIAM.
Appellant, the plaintiff below, as a subcontractor on an apartment building project, fabricated and delivered concrete roof spans which were incorporated in the building. Claiming a balance of $36,872.96 to be due, of its subcontract price of $86,435.19, the plaintiff filed ah action for foreclosure of a lien therefor against the owners and the surety on a bond to which its lien had been transferred, and joined the contractor as a defendant. The plaintiff alleged employment of attorneys to prosecute the action and its obligation to pay them reasonable attorney fees, for which plaintiff also sought recovery.
The defendant owners answered, averring they were without knowledge as to the allegations of the complaint and demanding strict proof thereof. The defendant contractor did likewise, and incorporat *107 ed in his answer a counterclaim alleging delay in delivery of the materials and claiming damages therefor in the amount of $90,700.
When the cause came to trial, the right of the plaintiff to its claimed lien for the amount sought was not further contested and was conceded. On trial of the issues on the counterclaim the court found, in favor of the counterclaimant, that there was a 33-day delay in delivery by plaintiff, and allowed the counterclaimant $43,049.60 damages therefor. Judgment was entered in favor of the counterclaimant against the plaintiff for $6,176.64, representing the excess of its damages over the amount due the plaintiff on its lien claim. Thereupon the judgment discharged the principal and surety on the lien bond. By a later order the court awarded $8,500 to the counter-claimant (contractor) as fees for the services of its attorneys, and $853.59 costs, for which a further judgment was entered in favor of the contractor against the plaintiff for the aggregate sum of $9,353.59.
This appeal by the plaintiff presents a number of contentions, which have been considered by this court in the light of the record and briefs. We find no sufficient reason in law has been shown to disturb the holding of the trial court regarding the delay occasioned by the appellant, and that the counterclaimant was entitled to damages therefor. We find merit in appellant’s contention that the damages awarded to the contractor on the counterclaim were excessive, based on the record. The damage figure of $44,549.60 fixed by the trial court was the gross payroll of the contractor (at $1,340 per day) for the period of delay. The principal argument of the appellant in support of its contention that the damages were excessive is that it was shown in evidence that the contractor’s employees on the job were productively engaged on the project a substantial part of the period in which delivery of materials by the plaintiff was delayed. Examination of the record shows it sustains the appellant in that regard. Also, as pointed out by appellant, it appears that there was not a total absence of delivery during the 33-day delay period; that some of such materials were delivered and the work of installation thereof was done during that time. Appellant argues further that the gross payroll could not properly represent the damages claimed by the contractor since thereby appellant was charged with wages or salaries to office help and of principals of the contractor company, in addition to that of the workers on the construction. As examples, appellant refers to the showing in the record where the gross payroll, used as a basis for damages, included salaries of the contractor’s purchasing agent and its two bookkeepers, and of a certain employee whose salary was included in the payroll of this job although he was working on other jobs in the period involved. The response of the appellee to those contentions was inconclusive. Upon remand of the cause, further proceedings should be had to exclude from the gross payroll as basis for damages for delay, such portions thereof as may have represented payments to employees for other construction work on the building during the period of delay, or otherwise, with reference to the matters indicated above.
We find merit in the contention of the appellant that it was error to award attorney fees to the contractor. The Mechanics’ Lien Law provides for a reasonable attorney’s fee to be allowed to the prevailing party in a lien enforcement action. § 713.29 Fla.Stat., F.S.A.[1]
Here the action to enforce the lien was' one between the plaintiff and the defendant owner, predicated on an alleged indebt *108 edness from the defendant contractor to the plaintiff as its subcontractor. In this instance the defendant contractor, by counterclaim, succeeded in establishing that the contractor was entitled to damages from the plaintiff, incident to the work of the latter, for more than was ' claimed by the plaintiff. Since the plaintiff was unable to show there was an unpaid balance due it from the contractor, plaintiff failed to prove basis for enforcement of the lien, with the result that it was the defendant owner who was the prevailing party in the lien foreclosure action. See Emery v. International Glass & Mfg., Inc., Fla.App.1971, 249 So.2d 496, 499-500; Sharpe v. Ceco Corporation, Fla.App.1971, 242 So.2d 464; Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc., Fla.App.1971, 253 So.2d 900.
Section 713.29 of the lien law relating to attorney fees has reference to the allowance thereof to the prevailing party in the cause of action presented to enforce the lien. Here the contractor was not such a party, although it was a prevailing party on the collateral issue between the subcontractor and the contractor relating to whether an amount was owed by the latter to the former, for which, if established the plaintiff would have a lien enforceable against the owner. Accordingly, the judgment or order awarding attorney fees to the contractor is reversed.
For the reasons stated, the judgment is affirmed in part and reversed in part, as set out herein, and the cause is remanded to the circuit court for further proceedings limited to reconsideration and redetermination, consistent with the views expressed in this opinion, of the damages to be awarded to the defendant contractor on its counterclaim, based upon the evidence previously submitted and upon additional evidence relating thereto if the trial court shall choose to receive the same.
Affirmed in part and reversed in part, and remanded with directions.

. “In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs.”