288 So.2d 564 (1974)
Ronald JACKSON and Joanne V. Jackson, His Wife, Appellants,
v.
Glenn H. HATCH, Appellee.
No. 73-324.
District Court of Appeal of Florida, Second District.
January 25, 1974.
*565 Frank A. McClung, Brooksville, for appellants.
Richard E. McGee, Sr., of McGee, Merritt & High, Brooksville, for appellee.
GRIMES, Judge.
Plaintiff-appellee brought an action to foreclose a mechanic's lien against the defendants. The defendants moved to dismiss on the ground that the complaint failed to allege that the affidavit required by F.S. 713.06(3)(d)1, F.S.A. had been furnished by the plaintiff. By its order of February 22, 1972, the Circuit Court granted the motion to dismiss and gave the plaintiff ten days in which to file an amended complaint. The amended complaint was based solely on contract and quantum meruit, thereby abandoning the mechanic's lien foreclosure. Three days before the trial was to begin, the plaintiff voluntarily dismissed the action pursuant to FRCP 1.420(a)(1), 30 F.S.A. The defendants thereupon filed a motion to tax costs, including attorney's fees, pursuant to F.S. 713.29, F.S.A. This appeal is from an order denying defendants' motion.
The appellee argues that the court below properly denied attorney's fees because the defendants-appellants were not "prevailing parties" within the meaning of F.S. 713.29, F.S.A.[1] The appellee relies on Sharpe v. Ceco Corp., Fla.App.3rd, 1970, 242 So.2d 464, 465, wherein it is said that "the prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case." From this, the appellee argues that the defendants below were not "prevailing parties" because the case was disposed of by dismissal rather than by an "affirmative judgment" being rendered for the defendants. We cannot agree.
The language quoted from Sharpe was not intended to have the meaning assigned to it by appellee. In that case, it was argued that Ceco was not a prevailing party because it got a judgment for a lesser sum than it sought. In describing the prevailing party as the one who had "affirmative judgment rendered in his favor", the court was, in effect, answering this contention by saying that a litigant need not win every point in order to be a prevailing party. Cf. H.D. McPherson, Inc. v. Metro Electric of Orlando, Inc., Fla.App.4th, 1971, 253 So.2d 878; Potter v. Rowan, Fla.App.2nd, 1972, 266 So.2d 121.
Appellee's reliance on Emery v. International Glass & Mfg., Inc., Fla.App.2nd, 1971, 249 So.2d 496, is likewise misplaced insofar as appellee would totally deny the awarding of attorney's fees to appellants. While the defendants in that case successfully defended against the impression of a lien, judgment was rendered against them on a contract claim arising out of the same circumstances. The court observed that it would be untenable to allow recovery of attorney's fees to a party who did not ultimately prevail in the legal aspect of a case merely because he prevailed in the mechanic's lien aspect. The distinguishing factor in the case at bar is, of course, that the defendants here did prevail in all aspects. Our opinion in Emery should not be construed to mean that one who successfully defends a mechanic's lien foreclosure cannot recover an attorney's fee under Section 713.29.
*566 In Lion Oil Co., Inc. v. Tamarac Lakes, Inc., Fla.App.4th, 1970, 232 So.2d 20, the court affirmed an order awarding the defendant an attorney's fee following the filing by the plaintiff of a notice of voluntary dismissal of a mechanic's lien foreclosure action. While there was no "judgment" entered in favor of the party to whom the fee was awarded, there can be no doubt who prevailed. The same is true here. The defendants-appellants are entitled to an award for attorney's fees.
There is still the question of whether the basis of the award should be the entire proceeding below or only that portion of the proceeding up to the dismissal of the foreclosure suit.
Statutes authorizing the award of attorneys' fees are considered in derogation of common law so as to require strict construction. Kittel v. Kittel, Fla. 1967, 210 So.2d 1. The Legislature has seen fit for the prevailing party in a mechanic's lien foreclosure action to be awarded his attorney's fees. It would constitute an undue extension of legislative intent to hold that simply because one portion of a lawsuit involved the foreclosure of a mechanic's lien, the prevailing party should be entitled to collect his attorney's fees for all aspects of the case. See Houdaille-Duval-Wright Co. v. Charldon Construction Co., Fla.App.3rd, 1972, 266 So.2d 106.
Applying these principles to the instant case, attorney's fees should be awarded only with respect to the lien foreclosure aspect of the case and not for the separate claims sounding in contract or quantum meruit.
The order in question is reversed. The case is remanded for the purpose of holding a hearing directed to the award of attorney's fees to the defendants-appellants according to the directions herein.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] "713.29 Attorney's fees.  In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."