340 So.2d 1234 (1976)
S.R. GORDON, Appellant,
v.
WARREN HEATING & AIR CONDITIONING, INC., Etc., Appellee.
No. 76-1584.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
*1235 Kenneth J. Scherer, Law Offices of Robert S. Levy, West Palm Beach, for appellant.
Gregory B. Dickenson of Warwick, Paul & Campbell, Palm Beach, for appellee.
ALDERMAN, Judge.
The appellee, plaintiff below, brought an action to foreclose a mechanic's lien. Eventually appellee voluntarily dismissed the action and immediately instituted a new lawsuit based on the same mechanic's lien. The trial court entered an order denying the appellant's motion for attorney's fees and costs, "without prejudice to claim the same" in the new action. The issues before us are whether the appellant is entitled to attorney's fees and costs for the dismissed action, and if so whether a judgment for those fees and costs must be entered as soon as the original action is dismissed rather than as a part of the new action.
The controlling legislation is Section 713.29, Florida Statutes (1975):
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
In conjunction with the preceding we must also consider Fla.R.Civ.P. 1.420(d):
"Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order."
We hold, in accord with previous judicial interpretations of Section 713.29, Florida Statutes, that where a mechanic's lien claim is voluntarily or involuntarily dismissed, the party against whom the claim was brought is the "prevailing party" and is entitled to recover attorney's fees and costs. Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla.3d DCA 1975); Jackson v. Hatch, 288 So.2d 564 (Fla.2d DCA 1974); Lion Oil Co., Inc. v. Tamarac Lakes, Inc., 232 So.2d 20 (Fla.4th DCA 1970).
Secondly, the appellant should have been awarded costs and attorney's fees immediately following dismissal of the first action. The trial court has no authority to defer a ruling on costs pending the outcome of another action. Keener v. Dunning, 238 So.2d 113 (Fla.4th DCA 1970). Fla.R.Civ.P. 1.420(d) states unequivocally that, "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action." (Emphasis supplied.) Furthermore, the same rule makes it mandatory, where a new action is brought on the previously dismissed claim, for the trial court to stay proceedings in that new action until its order for payment of costs of the claim previously dismissed has been complied with. This rule has the *1236 obvious salutary effect of discouraging repeated lawsuits on the same claim by exacting payment of costs before the party whose claim was dismissed is allowed to proceed with a new edition of the identical cause of action.
REVERSED and REMANDED for further proceedings consistent with this opinion.
MAGER, C.J., and DOWNEY, J., concur.