413 So.2d 785 (1982)
Milton F. STEINHARDT and Gladys Goldman, Appellants,
v.
EASTERN SHORES WHITE HOUSE ASSOCIATION, INC., Appellee.
No. 81-922.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Rehearing Denied May 28, 1982.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellants.
Michael L. Hyman and Andrew D. Kaplan, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The single issue in this appeal challenges an award of attorney's fees pursuant to Section 57.105, Florida Statutes (1979).
After preparation for protracted litigation, the parties entered into a tentative settlement agreement of several claims. The terms of the settlement were discussed and agreed upon at a conference held in court. In accordance with the agreement, counsel for appellee was to, and did, prepare voluminous settlement documents. Appellants refused to complete the agreement. The trial judge refused to enforce *786 the settlement agreement because she felt she could not do so completely. After a hearing, appellants were ordered to reimburse appellee "pursuant to Chapter 57," for costs and fees incurred in the preparation of the settlement documents. The case was rescheduled for trial.
The fundamental rule in Florida is that attorney's fees are in derogation of the common law and will be granted only pursuant to contract or statute. Any statute allowing an award of fees will be strictly construed. Roberts v. Carter, 350 So.2d 78 (Fla. 1977); Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975); Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1981).
The statute in question is concise. It empowers the court to:
... award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of justiciable issue of either law or fact raised by the losing party.
In order that there be a prevailing party and a losing party, there must necessarily be a disposition of the case or controversy as by judgment or order. There can be no finding that there is a complete absence of a justiciable issue of either law or fact unless the merits of the controversy have been passed upon on the pleadings or proof, or both; there is no such finding in the record  express or implicit.
The purpose of Section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through an attorney's fee award on the losing party. Sachs v. Hoglund, 397 So.2d 447 (Fla. 3d DCA 1981). Construing the statute narrowly, as we must, an award of attorney's fees before the case is concluded and only because a party has frustrated a settlement agreement cannot be sustained.
Reversed.