430 So.2d 919 (1983)
Andrew J. McKELVEY and Irwin Bard, Appellants,
v.
KISMET, INC., Appellee.
No. 82-499.
District Court of Appeal of Florida, Third District.
April 19, 1983.
*920 Philip M. Gerson, Miami, for appellants.
Young, Stern & Tannenbaum and Glen Rafkin, North Miami Beach, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
*921 HENDRY, Judge.
This appeal challenges a cost judgment entered against appellants in their suit for repossession of collateral given as security for a loan, and unlawful detainer. The primary issue on appeal is whether the trial court was correct in assessing attorney's fees and costs against the appellants where one count of their complaint was voluntarily dismissed and the other was involuntarily dismissed with prejudice, but before a pending counterclaim was adjudicated. Concluding that the trial court assessed costs at the proper procedural juncture of the case, we affirm.
Appellants, sellers of a restaurant known as "Menage", filed suit seeking foreclosure of a security interest against the buyer of the restaurant, appellee Kismet, when Kismet defaulted on its payments to a secured creditor. The complaint was thereafter amended to add a second count alleging a claim for unlawful detainer. Kismet answered, counterclaimed,[1] and moved to dismiss the complaint and the amendment. The motion to dismiss was denied as to Count I, foreclosure, but was granted with prejudice as to Count II, unlawful detainer, for failure to state a cause of action.[2] Two appeals, one interlocutory and one final, and a writ of mandamus were taken from the order dismissing Count II. All appeals were dismissed by this court and an award of attorney's fees pursuant to section 57.105, Florida Statutes, was granted to Kismet. While maintaining the appeals from the dismissal of Count II, appellants voluntarily dismissed Count I of the complaint with leave of the trial court. After attempts to appeal the dismissal of Count II proved unsuccessful, appellants moved to amend their pleadings and the appellee moved for attorney's fees and costs pursuant to a provision entitling the prevailing party to legal fees and costs in the event of litigation on the contract of sale. Appellants' motion to amend was denied, and the trial court granted appellee's motion for fees and costs, entering an order awarding the appellee $12,280.50. Appellee's counterclaim has at all times remained pending.
Appellants raise three issues on appeal, alleging that the trial court erred in: (1) awarding Kismet attorney's fees before it had prevailed in the trial court as evidenced by the remaining counterclaim; (2) awarding Kismet costs when the litigation had not terminated and the appellants had attempted to file an amended complaint to reinstate the claim they had voluntarily dismissed; and (3) denying appellants' motion to file an amended complaint.
Addressing the first two issues as one, we disagree with appellants' contentions and find that the trial court properly ruled that the litigation had terminated and that Kismet was the prevailing party.
Exercise of the right to voluntary dismissal terminates an action without prejudice, meaning that the action may be refiled at any time within the applicable statute of limitations. Fla.R.Civ.P. 1.420(a). Rule 1.420(a)(2) acknowledges that it is possible to voluntarily dismiss the main claim of an action and leave for independent adjudication a pending counterclaim. However, costs in a dismissed action are to be assessed and a judgment entered for the costs in that action. Florida Rule of Civil Procedure 1.420(d) provides, inter alia:
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.
See Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976) (trial judge cannot defer assessment of costs in the original action pending the outcome of a subsequent lawsuit on the same cause of action). Thus, Rule 1.420(d) provides that costs are to be assessed immediately after a dismissal is entered and that any subsequent lawsuit on the same claim must be stayed until all of the costs awarded *922 in the initial lawsuit are fully paid. If by contract or statute attorney's fees are made a part of the costs between the parties, these fees must also be assessed and a judgment entered in that action. Paley v. Cocoa Masonry, Inc., 354 So.2d 945 (Fla.2d DCA), cert. denied, 359 So.2d 1212 (Fla. 1978); Bankers Multiple Line Insurance Co. v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977).
As Rule 1.420(d) provides that costs must be assessed as soon as a dismissal is entered ("Costs ... shall be assessed"), and yet paragraph (a)(2) provides for a pending counterclaim to remain for adjudication when the main action is dismissed, we must assume no contradiction inheres in the rules and that costs (including, in an appropriate case, attorney's fees) are to be assessed subsequent to dismissal even though a counterclaim remains for disposition. Therefore, assuming that Kismet was the "prevailing party" in the cause, the trial court correctly assessed and entered judgment for costs following the dismissal.
We conclude that Kismet was the prevailing party in the contract dispute since it won in the main action: Count II was involuntarily dismissed with prejudice for failure to state a cause of action and all appellate attempts to reverse the decision were unsuccessful, and Count I was voluntarily dismissed, and the term "prevailing party" is applicable to a defendant against whom a voluntary dismissal is taken.[3] Moreover, pendency of the counterclaim does not alter this result, for even if appellants were to succeed on appellee's counterclaim, at most they will clearly win only a battle while still losing the war. See Kirou v. Oceanside Plaza Condominium Association, Inc., 425 So.2d 650 (Fla. 3d DCA 1983). Accordingly, we find that Kismet was the "prevailing party" in this litigation for the purpose of recovery of attorney's fees and costs under the contract between the parties, and that costs and fees were properly assessed and judgment entered thereon following dismissal of appellants' action under Rule 1.420, Florida Rules of Civil Procedure.
Appellants' final contention, that the trial court erred in denying their motion to file an amended complaint, is clearly without merit. A voluntary dismissal of a lawsuit terminates the action. Although a dismissal which is voluntary is without prejudice to the bringing of a new action, it precludes revival of the original action. Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Lauda v. H.F. Mason Equipment Corp., 407 So.2d 392, 394 n. 6 (Fla. 3d DCA 1981). Thus, since appellants' entire complaint had been dismissed, nothing remained to amend.
Affirmed.
FERGUSON, Judge (dissenting).
The question presented is whether the defendant is a prevailing party, as that term is used in a contract, for the purpose of awarding attorney's fees, where the plaintiffs take a pretrial dismissal of their complaint voluntarily and without prejudice.
As far as appears from the record, issues were joined in October, 1980. Shortly thereafter, a series of appellate reviews began with the case having gone not far beyond the pleading stage. This court taxed costs against appellants, pursuant to Section 57.105, Florida Statutes (1979), on a finding that the appeals relating to the involuntary dismissal of count II with prejudice were without merit. The efforts of counsel for appellee, as evident from an affidavit in support of the attorney fee *923 claim filed in the circuit court action, are related for the most part to the above-mentioned appeals and the motion to dismiss.
In supporting the assessment of attorney's fees, the majority first looks to Florida Rule of Civil Procedure 1.420(d), dealing with costs. But attorney's fees are not authorized by that rule. MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979). Appellee relies solely upon the contract as the basis for its entitlement to attorney's fees. The contract provides:
In the event of any litigation related to this Agreement, the prevailing party shall be entitled to a reimbursement of reasonable attorneys' fees and costs. (e.s.)
Although there is no shortage of cases which identify a prevailing party for the purpose of fees, there is a stunning lack of consistency. Three schools of thought seem to have developed.
One view, and the one apparently embraced by the majority, is that where a contract or statute provides that a prevailing party in a litigation is to be paid attorney's fees, those fees are to be treated the same as costs.[4] In that case the fees are to be assessed in any instance where an assessment of costs would be appropriate, as in the case of a voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(d), without an independent determination as to whether a party has "prevailed" in the litigation, as that term is commonly understood.[5] The earliest cases in Florida which seem to have adopted the rule treating fees the same as costs are from the Fourth District. In Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976), the plaintiff brought an action to foreclose a mechanic's lien.[6] Eventually, that action was dismissed and followed immediately with the institution of a new lawsuit based on the same mechanic's lien. The Fourth District held that where a lien claim is voluntarily dismissed, the party against whom it was brought is the "prevailing party", entitled to attorney's fees and costs. The court, relying on Florida Rule of Civil Procedure 1.420(d), noted that the rule "has the obvious salutary effect of discouraging repeated lawsuits on the same claim by exacting payment of costs before the party whose claim was dismissed is allowed to proceed with a new edition of the identical cause of action." (e.s.). Gordon, 340 So.2d at 1235-36. Lion Oil Co., Inc. v. Tamarac Lakes, Inc., 232 So.2d 20 (Fla. 4th DCA 1970), which is relied upon by Gordon, is an affirmance of an attorney's fee award after a voluntary dismissal of a mechanic's lien action, without discussion or cites to authorities. In a footnote it is simply concluded that defendant is the prevailing party, entitled to recover a reasonable fee for the services of his attorney. Lion Oil Co., Inc. v. Tamarac Lakes, Inc., 232 So.2d at 21 n. 2.
There are some problems with the court's analysis in Gordon. First, in holding that a defendant is a prevailing party for the purpose of fees where the plaintiff takes a voluntary pretrial dismissal of a statutory claim, the court has, of necessity, given a liberal interpretation to a provision awarding attorney's fees, in violation of the settled rule that such provisions, being in derogation of the common law, are to be strictly *924 construed.[7]Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Roberts v. Carter, 350 So.2d 78 (Fla. 1977); Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975); see also Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1980) (attorneys' fees are in derogation of the common law and will only be granted pursuant to a contractual provision or statutory authority). Second, the policy statement  the discouragement of successive lawsuits  seems unwarranted in light of the rule which causes a second voluntary dismissal of the same claim to operate as an adjudication upon the merits. Fla.R.Civ.P. 1.420(a)(1).
This district, until now, has followed a second view  that there can be no prevailing party for the purpose of awarding attorney's fees unless there is an end to the litigation. Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc., 253 So.2d 900 (Fla. 3d DCA 1971); Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970); see also Del Valle v. Biltmore II Condominium Association, Inc., 411 So.2d 1356 (Fla. 3d DCA 1982) (where trial court granted defendant's motion to dismiss plaintiff's claim on the ground of mootness, unrelated to the merits of the case, and where plaintiff would not have obtained relief requested if defendant had proved its affirmative defenses at trial, plaintiff was not a prevailing party for the purpose of attorney's fees), and Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d DCA 1982) (there is no prevailing party, for the purpose of assessing attorney's fees for filing frivolous litigation, until there is an end to the case as by judgment or other dispositive order). The Second District appeared to have adopted this same view, Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974), until the case of Dolphin Towers Condominium Association v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980), which will be discussed later.
In Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc., 402 So.2d 24 (Fla. 3d DCA 1981), this district embraced a statement of policy which supports the second school of thought:
Holding a party liable for attorney's fees solely because they bring a law suit and then take a voluntary dismissal would have the deleterious effect of discouraging parties from seeking voluntary dismissals... . Id. at 26.
A similar policy rationale was expressed by the California Supreme Court in International Industries, Inc. v. Olen, 21 Cal.3d 218, 145 Cal. Rptr. 691, 577 P.2d 1031 (1978), which held that parties in pretrial dismissal cases must bear their own attorney's fees, whether their claim for fees is asserted on the basis of a contractual provision or a statute which provides for fees to the prevailing party. The court stated:
[P]ermitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees. International Industries, Inc. v. Olen, 21 Cal.3d at 224, 145 Cal. Rptr. at 695, 577 P.2d at 1035.
The third school of thought, a separate and distinct view, although not clearly identified as such, has been utilized as a necessary compromise between the two absolute positions. It may be stated, where a plaintiff takes a voluntary dismissal of an action without prejudice, and by statute or contract the prevailing party is entitled to attorney's fees, the trial court may award attorney's fee as a matter of discretion in extreme circumstances where it would be a *925 hardship not to do so. An example of such a case is Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980), which is cited by the majority. The Del Benes instituted an action against the condominium association for declaratory relief and a mandatory injunction. The association first raised the affirmative defense of failure to join an indispensable party, then counterclaimed for attorney's fees. The case proceeded to a nonjury trial which was not completed because of insufficient time. Before the trial could be completed, the Del Benes took a voluntary dismissal. The following day they filed a new action which was the same as the first action except that the alleged indispensable parties were joined as defendants. Faced with the proverbial "hard" case, the Second District simply borrowed the reasoning from Gordon v. Warren Heating & Air Conditioning, and held that where a suit instituted under the Condominium Act is voluntarily dismissed, the defendant against whom a voluntary dismissal is taken is a "prevailing party" for the purpose of attorney's fees provided by Section 718. 303(1) of the Act.
The illogic of the rule adopted in Dolphin Towers is dramatized by the fact that the defendant was determined to be the prevailing party in a voluntarily dismissed action while the same issues were again before the court in a newly filed action. The true reason for taxing attorney's fees, which reflects the third school of thought, is summed up by the court in the following passage:
The association incurred attorney fees in asserting what proved to be a meritorious affirmative defense, in preparing for trial, and in participation in a trial before the Del Benes voluntarily dismissed the suit. We believe that the legislature must have had this situation in mind, as well as those in which a defendant might prevail on the merits, when it provided for the allowance of attorney fees to the prevailing party. Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d at 1269.
While doing equity, the decision does little in the way of defining "prevailing party" except to suggest that one may be a prevailing party for the purpose of attorney's fees, even though the loser on the merits of the case. The same result was reached for like equitable reasons in Andersen v. Gold Seal Vineyards, Inc., 81 Wash.2d 863, 505 P.2d 790 (1973). Costs, including attorney's fees, were awarded because of expenses incurred by the out-of-state defendant in preparation for, and participation in, a trial that lasted several days before plaintiff took a voluntary dismissal. In language nearly identical to that used in Dolphin Towers the Supreme Court of Washington held:
The legislature must have had in mind situations such as this, as well as those in which the defendant might prevail on the merits, when it provided for the taxing and allowance of costs, including attorneys' fees, in the court's discretion, in cases where the foreign defendant prevails. (e.s.) Andersen v. Gold Seal Vineyards, Inc., 505 P.2d at 794.
Factors weighing heavily in the court's decision were service of process upon the defendant outside the state and the substantial expenses incurred in defending the action. As a forthright departure from any absolute rule, the court held that when confronted with the situation where it would be eminently unfair to require that a defendant, against whom a voluntary dismissal is taken, prevail on the merits before he is entitled to attorney's fees, it would consider such an award as a matter of discretion. See also Corcoran v. Columbia Broadcasting System, 121 F.2d 575 (9th Cir.1941); Smoot v. Fox, 353 F.2d 830 (6th Cir.1965).
Even if the award of attorney's fees in this case be considered as a matter for discretion, it is clear that the discretion has been abused. There was no commencement of, or even an extensive preparation for trial. There is no foreign defendant, nor is it possible to say at this stage, even if it were an appropriate fact to consider, that appellants' cause is without merit or appellee's affirmative defenses and counterclaim meritorious. Absent the appellate maneuverings, *926 which are not relevant because appellate fees have already been awarded, there are no unusual circumstances which justify an assessment of substantial attorney's fees.
In holding that defendant is a prevailing party, for the purpose of awarding attorney's fees under contract, whenever the plaintiff takes a voluntary dismissal without prejudice, this court has ignored the line of cases in this district which require at least a final disposition of the action in order for a party to prevail.[8]Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc., 253 So.2d 900 (Fla. 3d DCA 1971); Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970); Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d DCA 1982). The result here is also in conflict with cases from other jurisdictions involving voluntary dismissals by plaintiffs, where the courts, faced with circumstances where it would be unfair to deny a defendant's request for attorney's fees, have awarded fees in the exercise of discretion.
NOTES
[1] Count I of the counterclaim alleged various violations of federal banking laws, Count II alleged that Mr. McKelvey breached the contract of purchase and sale, Count III sounded in tort for fraud and misrepresentation, and Count IV requested declaratory relief.
[2] The dismissal of Count II with prejudice is not an issue on appeal.
[3] See, e.g., Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980) (term "prevailing party" in statute allowing prevailing party in action by or against condominium association to recover reasonable attorney fees includes defendant against whom voluntary dismissal is taken); MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979) (voluntary dismissal will authorize an award of attorney's fees under section 57.105 where trial court finds that there is a complete absence of a justiciable issue of either law or fact); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976) (where a mechanic's lien is voluntarily dismissed, party against whom claim was brought is the "prevailing party" and is entitled to recover attorney's fees and costs).
[4] For the purpose of this analysis it would make no difference whether the attorney's fee entitlement emanates from statute or contract. See Erickson Enterprises, Inc. v. Louis Wohl & Sons, Inc., 422 So.2d 1085 (Fla. 3d DCA 1982).
[5] Prevail means "to triumph or win a victory." The American Heritage Dictionary of the English Language (W. Morris ed. 1980).
[6] Gordon purports to rely on two other cases, both of which are distinguishable. Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975) (involuntary dismissal for failure to comply with statute); Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974) (where plaintiff's initial action based on foreclosure of mechanic's lien was involuntarily dismissed, but refiled action based solely on contract and quantum meruit was voluntarily dismissed three days before trial, defendants could recover their attorney's fees only with respect to the involuntarily dismissed lien action, since the litigation was at an end, in defendant's favor).
[7] In Gordon v. Warren Heating & Air Conditioning, Inc., supra, the attorney's fees were based on a statute which expressly provided that fees be treated as costs. The contract in question does not provide that fees be taxed as costs and no prior decision has ever so construed a contractual fee provision. The procedural effect is that a new suit based on the same claim could not be maintained until the costs are paid [Rule 1.420(d)]  a consequence which would not follow an ordinary judgment for fees. Even if there were any basis for awarding fees, it would still be improper, in this contract action, to treat the fee award as costs.
[8] In State of Florida, Dept. of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982), this court approved an award of fees to an employee after HRS voluntarily dismissed its appeal from an adverse ruling in a disciplinary action. Though Gordon v. Warren Heating and Air Conditioning, Inc., supra, is cited as authority, the fact that HRS waited until the week before hearing of the appeal  after witnesses had been subpoenaed before reinstating the employee and moving for dismissal  was an express consideration in the decision. More importantly, the court did not have to rely on Gordon since the reinstatement of the employee with back pay, and purge of the disciplinary action from her employment records, constituted a final disposition of the case. The employee had, in effect, prevailed on the merits, although there had been no such formal determination.