PER CURIAM.
Where a condominium association obtained a preliminary injunction against a tenant for noise abatement during the pendency of the main claims — a complaint for eviction and counterclaim for breach of lease agreement — the condominium association was not a prevailing party for the purpose of attorney’s fees because the preliminary injunction was entered as an interlocutory order, and the case remained to be determined on the merits. There can be no prevailing party for the purpose of awarding attorney’s fees until there is an end to the litigation as by judgment or other dis-positive order. See Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d. DCA 1982); Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc., 253 So.2d 900 (Fla. 3d DCA 1971).
A preliminary injunction does not purport to decide the merits of a cause of action but merely serves to maintain the status quo pending a final determination on those merits; the provisions of such injunction may be merged in, or dissolved by, the final decree. Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3d DCA 1982); Adoption Hot Line, Inc. v. State, Department of Health and Rehabilitative Services, 385 So.2d 682 (Fla. 3d DCA 1980); North Dade Water Co. v. Adken Land Co., 114 So.2d 347 (Fla. 3d DCA 1959), cert. denied, 117 So.2d 496 (Fla.1959).
The remaining points in this appeal are without merit.
Affirmed in part; reversed in part.