445 So.2d 361 (1984)
Charles REINEKE, Appellant,
v.
John E. McKINSTRY and Cynthia Joan McKinstry, Appellees.
No. 82-2324.
District Court of Appeal of Florida, Fourth District.
January 25, 1984.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
William P. Jacobson, P.A., West Palm Beach, for appellees.
PER CURIAM.
This was an action to foreclose on a mechanic's lien. Appellant entered a voluntary *362 dismissal. Thereafter, attorney's fees were awarded to appellee under the provisions of Section 713.29, Florida Statutes (1975). Appellant appeals relying upon Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978).
We affirm upon authority of Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975); Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974); Lion Oil Co. v. Tamarac Lakes, Inc., 232 So.2d 20 (Fla. 4th DCA 1970). See also In re Estate of Lewis, 442 So.2d 290, (Fla. 4th DCA 1983); McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983); State, Department of Health and Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982); Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981); Dolphin Towers Condominium Association v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980); MacBain v. Bowling, 374 So.2d 75 (Fla.3d DCA 1979).
We distinguish Randle-Eastern Ambulance Service, Inc. v. Vasta, supra. While its peripheral sentiments would seem at first blush to militate against an award of attorney's fees following voluntary dismissal, a closer analysis reveals that this is not true as concerns cases where a statute or contract provides for such an award. The cause of action in Randle-Eastern was for wrongful death and there was no statute or mentioned contract mandating attorney's fees. In the instant case there is such a statute, Section 713.29, Florida Statutes (1975).
We are of the opinion that Randle-Eastern must be read in light of and in reconciliation with Campbell v. Maze, 339 So.2d 202, 203 (Fla. 1976), where the Supreme Court specifically held in the case of a voluntary dismissal of a personal injury action:
"It has long been the law of Florida that except where attorney's fees may be allowed in equity from a specific fund or property which may be lawfully charged with their payment, attorney's fees may not be recovered except when specifically authorized by statute or by agreement of the parties. ..." (Emphasis added) (citations omitted.)
See also, In re Estate of Lewis, 442 So.2d 290 (Fla. 4th DCA 1983), Order on Rehearing filed January 11, 1984.
We hold that attorney's fees may be recovered following voluntary dismissal in those cases where such fees are authorized by statute or by agreement of the parties.
AFFIRMED.
ANSTEAD, C.J., and GLICKSTEIN and WALDEN, JJ., concur.