OTTMAN ET AL. *v.* GATES ET AL.

4

(No. M 8602 CVF 005066—Decided
April 13, 1987.)

Franklin County Municipal Court.

*Michael J. Weisz,* for plaintiffs.
*Bricker & Eckler* and *Richard D.
Rogovin,* for defendants.

JENKINS, J. This matter came on for hearing on defendants' motion for attorney fees on March 17, 1987. No sworn testimony was taken, but oral arguments were presented by counsel for both parties with a court stenographer in attendance. Documents or pleadings contained in the case file reveal that plaintiffs, Craig Ottman and Margaret Ottman, filed a complaint against defendants, Robert Gates and Tom Young & Associates, Inc., on February 18, 1986, alleging that they purchased a home through defendants' real estate agency; that defendants misrepresented the elementary school the plaintiffs' daughter would be attending after they purchased the house; and that defendants represented that their daughter would be attending Maybury Elementary School but that she was not eligible to do so and was required to be enrolled at the Columbus School for Girls. The only damages plaintiffs sought from defendants was the cost of enrollment of their daughter at the Columbus School for Girls. Attention is invited to paragraphs six and fifteen of the complaint which read as follows:

"6. As a result of Plaintiffs' daughter['s] ineligibility to attend Maybury Elementary School, the Plaintiffs have been forced to enroll and send their daughter, Megal Ottman, to Columbus School for Girls, at a cost of Two Thousand Dollars ($2,000) tuition per year, for grades kindergarten through fourth grades, thereby incurring damages in the amount of approximately Ten Thousand Dollars ($10,000)."

"15. As a result of Defendants' breach, the Plaintiffs have sustained damages in the amount of approximately Ten Thousand Dollars ($10,000) which represents the expense incurred in sending their daughter to a private school facility."

The affidavits of Frank Habecker, Thomas McCormick, and Terrie Dillon establish the facts that plaintiffs' daughter did attend kindergarten at Maybury Elementary School commencing in the fall of 1985 and was enrolled in the first grade at Fairwood Avenue Elementary School in the fall of 1986; that plaintiff's daughter never attempted to enroll in another public elementary school through the alternative school lottery; that she has never attended the Columbus School for Girls, nor have her parents ever applied for her admission or testing; and that the Columbus School for Girls does offer scholarships in appropriate cases but plaintiffs have never applied for the same. Defendants filed a motion for summary judgment on September 8, 1986, and on October 22, 1986 plaintiffs filed a notice of dismissal without prejudice. On January 14, 1987, defendants filed the within motion for attorney fees with an affidavit executed by Gerard T. Young, as president of defendant Tom Young & Associates, Inc., stating that his total legal fees and expenses incurred in this case were $1,935.25.

It is painfully apparent from the record that the allegations or claims contained in plaintiffs' complaint are totally false and without merit. The question then presents itself: Have plaintiffs acted in such bad faith so as to warrant liability for or payment of defendants' legal fees and expenses in this matter? The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 75 O.O. 2d 224, 347 N.E. 2d 527; *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184, 75 O.O. 2d 228, 347 N.E. 2d 539. Again it has been held that attorney fees may be awarded, as an exception to the "American rule," as part of the relief granted a petitioner in actions where the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. See *Channell* v. *N.C.R. Union* (1971), 28 Ohio App. 2d 260, 57 O.O. 2d 379, 277 N.E. 2d 85; and *Stolberg* v. *Members of Bd. of Trustees for State Colleges of Conn.* (C.A. 2, 1973), 474 F. 2d 485. We find under the facts of this case that plaintiffs' filing of a completely false complaint is an act of bad faith as defined by the previously cited cases. Counsel for plaintiffs argued that since the case was disposed of by dismissal rather than by an affirmative judgment, defendants would not be entitled to attorney fees, and sought to have the case revived and tried on the merits. Attention is invited to the following cases that hold that defendant was entitled to attorney fees even though the case was disposed of by a dismissal rather than by an affirmative judgment being rendered for the defendant. See *Uniflow Mfg. Co.* v. *Superflow Mfg. Corp.* (N.D. Ohio 1950), 10 F.R.D. 589; *Corcoran* v. *Columbia Broadcasting System, Inc.* (C.A. 9, 1941), 121 F. 2d 575; *Lion Oil Co.* v. *Tamarac Lakes, Inc.* (Fla. App. 1970), 232 So. 2d 20; *Jackson* v. *Hatch* (Fla. App. 1970), 232 So. 2d 20; and *Jackson* v. *Hatch* (Fla. App. 1974), 288 So. 2d 564.

In light of the foregoing, judgment is rendered in defendants' favor and against plaintiffs in the total sum of $1,935.25 as and for attorney fees and costs.

*Judgment for defendants.*