PER CURIAM.
In the case before us, Appellant filed a petition for writ of habeas corpus below, then subsequently filed a motion to voluntarily dismiss the same petition. The trial court granted Appellant’s motion to voluntarily dismiss, but later denied the petition on the merits. We reverse.
The effect of a voluntary dismissal is to completely remove from the trial court’s consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction. See Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68, 69 (Fla.1978). Accordingly, once Appellant moved to voluntarily withdraw his petition and the case was dismissed by the trial court, the court was without jurisdiction to render its subsequent order denying Appellant’s petition. Appellant’s petition should hereby be treated as dismissed without prejudice, and he is free to refile his petition for writ of habeas corpus if he so chooses, so long as no other procedural bars exist. See McKelvey v. Kismet, Inc., 430 So.2d 919, 921 (Fla. 3d DCA 1983).
*1161 The trial court’s order denying Appellant’s petition for writ of habeas corpus is REVERSED.
WOLF, POLSTON, and THOMAS, JJ., concur.