PER CURIAM.
 

 MMII appeals a final order on a breach of contract claim holding that because
 
 *877
 
 MMII is an unlicensed contractor, its contract is unenforceable. We reverse because Florida law does not require a subcontractor vendor who sells and installs audio entertainment systems to obtain a contractor or electrical contractor license.
 

 MMII contracted to design and install an elaborate audio entertainment system for the Silvesters (buyers). Buyers refused to pay the entire amount due, and MMII sued. At trial, buyers argued that MMII was an unlicensed contractor precluded from enforcing contracts at law or in equity under Florida law. The trial court agreed, denying relief on all counts except replevin. MMII argues there is no licensure requirement for selling and installing audio entertainment systems. We agree.
 

 The issue involves a matter of statutory interpretation, namely whether the trial court correctly interpreted §§ 489.105 and 489.505, Florida Statutes (2009).
 

 Section 489.105(3) reads:
 

 “ ‘Contractor’ means the person who is qualified for, and shall only be responsible for, the project contracted for and means, except as exempted in this part, the person who, for compensation, undertakes to, submits a bid to, or does himself or herself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others;
 
 and whose job scope is substantially similar to the job scope described in one of the subsequent paragraphs of this subsection.”
 
 [e.s.]
 
 [1]
 

 The only possible subsection for a vendor of audio entertainment systems is specialty contractor. That provision is inapplicable here because the statute provides the work of a specialty contractor is “limited to a subset of the activities described in one of the paragraphs of this subsection.” § 489.105(3)(q). MMII’s activities do not fall within the scope of those activities listed in the subsections. § 489.105(a)-(q). Accordingly this provision does not require MMII to have a contractor’s license to sell and install audio systems.
 

 Section 489.505(12) defines an electrical contractor as,
 

 “a person who conducts business in the electrical trade field
 
 and who has the experience, knowledge, and skill to install, repair, alter, add to, or design, in compliance with law, electrical wiring, fixtures, appliances, apparatus, raceways, conduit, or any part thereof, which generates, transmits, transforms, or utilizes electrical energy in any form, including the electrical installations and systems within plants and substations, all in compliance with applicable plans, specifications, codes, laws, and regulations.” [e.s.]
 

 It is true that MMII deals in low voltage electricity and wiring when it installs an audio system. That does not automatically mean it conducts business in the “electrical trade field.” Such a conclusion would significantly interfere with the common understanding of what it means to work in the electrical trade field. As MMII illustrates, a person who repairs computers is not considered an electrician just because the computer plugs into the wall and uses electricity. So too a computer technician uses different skills and qualifications from the tradesman running 220 volt lines into a building. At best, the electrical component of an audio system is incidental to MMII’s sale and installation of audio en
 
 *878
 
 tertainment systems. If every product or service in the home remodeling trade that uses electricity required an electrical contractor’s license it is difficult to imagine a trade not covered by this provision. Certainly nothing in the text of the statute so indicates with any clarity. We hold that MMII does not meet the statutory definition of electrical contractor such that it must be licensed.
 

 Section 489.532(l)(a) provides that “if a state license is not required for the scope of work to be performed under the contract, the individual performing that work is not considered unlicensed.” Because MMII is not required to obtain a contractor or electrical contractor license, the trial court erred in deeming it unlicensed and unable to enforce its contract against buyers.
 

 The remaining issue concerns the award of attorney’s fees to buyers under § 713.29. Relying on
 
 Gordon v. Warren Heating & Air Conditioning, Inc.,
 
 340 So.2d 1234, 1235 (Fla. 4th DCA 1976), the trial court reasoned that because MMII voluntarily dropped the lien foreclosure part of its claim for payment, buyer was the prevailing party. We disagree.
 

 Gordon
 
 holds that “where a mechanic’s lien claim is voluntarily or involuntarily dismissed, the party against whom the claim was brought is the ‘prevailing party’ and is entitled to recover attorney’s fees and costs.”
 
 Gordon,
 
 340 So.2d at 1235. But as to fees, another court has held that:
 

 “[I]t was obviously not the intent of the legislature to award attorneys’ fees to a defendant in a mechanics’ lien foreclosure merely because he successfully defends against the impression of a lien
 
 yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit.
 
 To conclude otherwise would be anathema to the purpose of the mechanics’ lien law which is to afford the laborer or materi-alman adequate assurance of being fully compensated for his labor or services. The entire statute is essentially for the benefit of a claimant, not a defendant ....” [e.s.]
 

 Emery v. Int’l Glass & Mfg., Inc.,
 
 249 So.2d 496, 500 (Fla. 2d DCA 1971). Although, in one sense buyer succeeded in avoiding a lien when MMII voluntarily dismissed its foreclosure claim, MMII is the prevailing party on its claim to enforce the contract. The trial court should have denied the motion for attorney’s fees.
 

 Reversed.
 

 FARMER, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . The contractor jobs described in subsection (a)-(q) include: general, building, residential, sheet metal, roofing, air conditioning, mechanical, pool/spa, plumbing, underground utility, solar, pollutant storage systems and specialty contractor.