## SOUTH FLORIDA I, LTD. v ARNAU AND All OTHERS IN POSSESSION

Case No. 88-21081-CC05

County Court, Dade County

January 16, 1990

**APPEARANCES OF COUNSEL**

**Michelle B. Alvarez,** for plaintiff.

**Peter H. Barber,** Legal Services of Greater Miami, Inc., for defendants.

**OPINION OF THE COURT**

A. LEO ADDERLY, County Judge.

*JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS*

THIS CAUSE is before the court on defendant's amended motion

for attorney's fees and costs and the court, having held an evidentiary hearing on January 5, 1990 and being otherwise fully advised in the premises, hereby enters its findings of fact and conclusions of law as follows:

1. This action was brought under § 83.59 Fla. Stat. by plaintiff South Florida I Ltd. to gain possession of the housing unit rented by plaintiff to defendants Gladys Arnau and her family. This case is the second action for possession on identical facts that has been voluntarily dismissed under Rule 1.420(a). Defendant's counsel is Legal Services of Greater Miami, Inc.

2. A voluntary dismissal requires a mandatory award of costs under Rule 1.420(d) which states in relevant part: "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action."

3. The mandatory costs award also includes attorney's fees if the statute under which the action was brought includes attorney's fees as part of the costs. *McKelvey v Kismet, Inc.,* 430 So.2d 919 (Fla. 3d DCA 1983). In the present case the relevant statute does include fees as part of the costs. Section 83.48 Fla. Stat. Therefore this court is required to enter a judgment for costs and fees.

4. The uncontradicted evidence showed that defendant's attorney, Peter H. Barber, reasonably spent a total of 36.15 hours on this case.

5. Defendant's counsel is entitled to compensation at the prevailing rate in the Miami area. *Blum v Stenson,* 465 U.S. 886 (1984). The uncontradicted evidence showed that the rate requested of $175.00 per hour is well within the market range for an attorney of Mr. Barber's experience, skill and reputation. *See Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145, 1151 (Fla. 1985) ("rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services.").

6. The lodestar amount of fees is therefore $6,326.26 (36.15 hours × $175.00 per hour). Defendant has not requested a contingency risk multiplier under *Rowe*.

7. Accordingly, for the sum of $6,326.25 let execution issue, together with interest at the legal rate from and after the date of this judgment and until paid.

ENTERED at Miami, Dade County, Florida, this 16th day of January, 1990.