## METROPOLITAN DADE COUNTY v HERNDON
### Case No. 90-17651 CC 04
County Court, Dade County

March 15, 1991

### APPEARANCES OF COUNSEL

**Henry N. Gillman, Esquire,** for plaintiff.

**Peter H. Barber, Esquire,** Legal Services of Greater Miami, Inc., for defendant.

### OPINION OF THE COURT

A. LEO ADDERLY, County Judge.

*JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION FOR COSTS INCLUDING ATTORNEY'S FEES*

THIS CAUSE is before the Court on defendant's motion for costs

including attorney's fees brought pursuant to Rule 1.420(d) Fla.R.Civ.P. and the Court, having held an evidentiary hearing on March 5, 1991 and being otherwise fully advised in the premises, hereby enters its findings of fact and conclusions of law as follows:

1. This action was brought under Section 83.59 Fla. Stat. by plaintiff Metropolitan Dade County in its capacity as owner and operator of public housing to gain possession of a public housing unit rented by plaintiff to defendant, Steven Herndon. Defendant's counsel is Legal Services of Greater Miami, Inc. (LSGMI).

2. In response to the complaint defendant filed a pleading entitled Answer, Affirmative Defenses, Motion to Dismiss, and Demand for Jury Trial. Discovery commenced with the defendant deposing a representative of the plaintiff County under Rule 1.310(b)(6), Fla.R.Civ.P. Thereafter, defendant filed a motion for summary judgment for the reason that there were no genuine issues of material fact regarding defendant's first and second affirmative defenses. Two days prior to the scheduled hearing on the motion for summary judgment, plaintiff filed a notice of voluntary dismissal.

3. A voluntary dismissal requires an award of costs under Rule 1.420(d) which states in relevant part: "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action." The rule is mandatory and allows no discretion to deny the request for costs.

4. The mandatory cost award under Rule 1.420(d) includes attorney's fees if the statute under which the action is brought designates attorney's fees as part of the costs of the action. *McKelvey v Kismet, Inc.,* 430 So.2d 919 (Fla. 3d DCA 1983) ("If by contract or statute attorneys fees are made a part of the costs between the parties, these fees must also be assessed and a judgment entered in that action."); *South Florida I Limited v Arnau,* 38 Fla. Supp. 2d 166 (Dade County 1990). In the present case the relevant statute does include fees as part of the costs. § 83.48 Fla. Stat. Therefore this Court is required to enter a judgment for costs and fees.

5. Plaintiff attempts to avoid this result by reliance upon the fact that Dade County provides funding to LSGMI pursuant to a contract, a copy of which was introduced into evidence as plaintiff's Exhibit 1.

6. Under the contract Dade County originally agreed to pay $105,-000 to LSGMI to provide free legal services to certain persons with income below 125 percent of the federal poverty guidelines. By amendment the amount was increased to $124,200. Pursuant to the agreement the money was to be used to provide a specific service in a specific area

of Dade County. The contract states: "These funds will be used for an outreach office in Overtown to represent clients in housing, displacement benefits, public benefits, economic development, homeless and family/juvenile cases."

7. Uncontradicted testimony reveals the following facts relevant to this issue:

A. The Legal Services client in this case, Steven Herndon, did not come to Legal Services through the outreach office in Overtown for which this contractual funding was provided by Dade County.

B. None of the money provided by Dade County to Legal Services under the contract in question was used to represent Steven Herndon.

C. Legal Services total annual budget is approximately $3.5 million dollars.

8. Based on this uncontradicted testimony the Court finds that the contract in question has no application to this case.

9. The specific section of the contract upon which the County relies is Article XI which sets forth the amount of the contract and also states: "These amounts shall represent the total payment to the contractor and contractor shall not seek additional compensation, in the form of attorney's fees or costs, from the County."

10. The County's argument must fail for two reasons. First, as found above, the contract has no relevance except in cases in which the contractual funding is used to represent the Legal Services client against Dade County. In this case, that is clearly not the case.

11. Second, even if the contract were to apply to this case, the Court would not enforce the fee prohibition. It is well established that a respondent to an attorney's fee motion cannot successfully argue that it is immune from an attorney's fee award by reason of the fact that it otherwise provides funding to the attorney's fee petitioner. *See, e.g., Washington v Seattle School District No. 1*, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed. 2d 896, 918 n. 31 (1982) (Attorney's fees petitioner school district was being funded by fees respondent State of Washington), *Dennis v Chang*, 611 F.2d 1302 (9th Cir. 1980) (Fees petitioner Legal Aid Society of Hawaii (LASH) awarded fees against State of Hawaii which was already providing funding to LASH).

12. Similarly, there is well reasoned and persuasive precedent denying enforcement to a provision in a contract purporting to prohibit otherwise proper fee awards to Legal Services organizations against governmental entities which provide funding to the Legal Services

office. *Shaddis v Beal,* 685 F.2d 824 (3rd Cir. 1982) *cert. denied,* 103 S.Ct. 300 (1982). This Court adopts the reasoning of *Shaddis* and therefore would refuse to enforce the fee prohibiting contract provision even if the contract were applicable in this case.

13. The uncontradicted evidence shows that defendant's Legal Services attorney, Peter H. Barber, reasonably spent 6.35 hours on this case.

14. Defendant's counsel is entitled to compensation at the prevailing rate in the Miami area even though LSGMI does not charge its clients fees. *Blum v Stenson,* 465 U.S. 886 (1984). The rate requested of $175 per hour is well within the market range for an attorney of Mr. Barber's skill, experience and reputation.

15. This Court will therefore award fees in the requested amount of $1,111.25 (6.35 hours × $175 per hour).

16. Additional costs (for court reporter's attendance at deposition) in the amount of $42.50 are also awarded.

17. Accordingly, for the sum of $1,153.75 let execution issue together with interest at the legal rate from and after the date of this judgment and until paid.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 15th day of March, 1991.